## TUDOR v. EBNER.

(Supreme Court, Appellate Division, First Department.　May 20, 1905.)

1. LIMITATIONS—ACTIONS FOR DECEIT.

An action for damages for false and fraudulent representations concerning the assets and financial condition of a company in which plaintiff was induced to purchase stock is within section 8, subd. 1, c. 2, tit. 2, of the Alaska civil government act of June 6, 1900, c. 786 (31 Stat. p. 335), which prescribes a limitation period of two years for actions for libel, slander, assault, false imprisonment, or for any injury to the person or rights of another not arising on contract, and not especially enumerated, instead of sections 3, 4, and 6 (page 334) of the same title and chapter, which prescribe a period of six years for actions for taking, detaining, or injuring personal property, including actions for the specific recovery thereof.

2. SAME—PLEADING—SUFFICIENCY.

An answer setting up in a separate defense the two-year statute of limitations, and the facts rendering it applicable, followed by an allegation that the action was not commenced within two years after the cause of actions accrued, is a sufficient plea of limitations, without an express characterization of it as such.

Appeal from Special Term, New York County.

Action by William Tudor against William M. Ebner. From an interlocutory judgment overruling a demurrer to the second defense in the answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Closson, for appellant.
Henry W. Clark, for respondent.

LAUGHLIN, J. This is an action to recover damages for false and fraudulent representations by the defendant, who was the president and manager of the Windham Bay Gold Mining Company, concerning the assets and financial condition of the company, whereby the plaintiff was induced to purchase a large number of shares of its capital stock. The second defense, to which the demurrer was interposed, alleges that at all the times mentioned in the complaint and at the time of the commencement of the action the plaintiff and defendant were nonresidents of the state of New York, the former being a resident of Massachusetts, and the latter of the territory of Alaska; that the cause of action alleged in the complaint does not involve the title to or the possession of real property situate within the state of New York, and did not accrue within two years prior to the commencement of the action. In the

second defense the defendant sets forth the provisions of the statute of limitations of Alaska, so far as material, which are contained in an act of Congress entitled "An act making further provision for a civil government for Alaska, and for other purposes," approved by the President on the 6th day of June, 1900 (chapter 786; 31 Stat. 321). It is contended by the appellant that the six-years statute of limitations contained in subdivision 4 of section 6 of chapter 2 of title 2 of the act, which, in connection with sections 3 and 4 of the act, provides that the period prescribed for the commencement of a civil action shall be six years after the cause of action shall have accrued, where it is "an action for taking, detaining or injuring personal property, including an action for the specific recovery thereof," is applicable. The respondent contends that the period of limitation is prescribed in subdivision 1 of section 8, which prescribes a limitation of two years for the commencement of "an action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated."

The theory of the appellant seems to be that the statute of limitations of Alaska was taken from our Code of Civil Procedure, and that subdivision 10 of section 3343 of the Code of Civil Procedure, which provides that "an 'injury to property' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract," not copied into the act of Congress, was but a mere embodiment of the common-law rule, and that therefore the statute of limitations applicable to Alaska should be construed in the light thereof. The assumption that these provisions of the act of Congress were based upon our Code of Civil Procedure is erroneous. So far as material here, they were copied verbatim, with the exception of a single word, not material to the present inquiry, from the Code of Civil Procedure of Oregon. Heid v. Ebner (C. C. A.) 133 Fed. 156; Congressional Record, 56th Congress, 1st Session, vol. 33, pt. 3, p. 2663. Doubtless the Code of Civil Procedure of Oregon was in the main based on the Code of Procedure of New York. The latter, so far as it related to limitations of actions at law, was adopted verbatim by the Fifth Legislative Assembly of the territory of Oregon, in 1854; and for this the state Legislature of Oregon in 1862 substituted a more extensive statute, known as the Code of Civil Procedure, relating, among other things, to limitations of both actions at law and suits in equity. Hepburn on the Development of Code Pleading, p. 101. There has been no judicial construction of the provisions of the act of Congress under consideration by the courts of Alaska, or of the provisions of the Code of Civil Procedure of Oregon, from which they were taken, by the courts of that state.

It is manifest that neither the provisions of our Code of Civil Procedure, nor the judicial construction thereof, can aid in the determination of the question presented; but a consideration of the provisions of the Code of Procedure which were copied into the Oregon statute, and of any decisions construing the same, may shed light on the question. In the Code of Procedure there was no

provision corresponding to subdivision 10 of section 3343 of the Code of Civil Procedure, defining an injury to property; nor was there in the corresponding sections of the old Code, relating to the limitations in question, the phrase "injury to property." Our Code of Procedure, instead of providing a limitation for an action "for taking, detaining or injuring personal property, including an action for specific recovery thereof," as is provided in the act of Congress herein quoted, provided in subdivision 4 of section 91 a limitation for actions "for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property." This provision of our Code of Procedure manifestly did not include all actions for injuries to personal property, in the broad sense, but was confined to actions for injuries to goods or chattels. Subdivision 5 of section 91 of our Code of Procedure of 1852 prescribed a limitation of six years for "an action for criminal conversation or for any other injury to the person or rights of another, not arising on contract and not herein enumerated"; and subdivision 1 of section 93 of the Code of Procedure prescribed a limitation of two years for "an action for libel, slander, assault, battery or false imprisonment." The provisions of the Oregon statutes of 1854 corresponding with said subdivision 5 of section 91 and subdivision 1 of section 93 of our Code of Procedure appear to have been consolidated in subdivision 1 of section 8 of the Code of Civil Procedure of Oregon, which relates to limitations of two years, and was copied into the act of Congress for Alaska, except that the word "seduction" was substituted for "criminal conversation." Subdivision 6 of section 91 of our Code of Procedure, providing a limitation for actions for relief on the ground of fraud, relates to suits in equity, and not to actions at law (Miller v. Wood, 41 Hun, 600; affirmed 116 N. Y. 351, 22 N. E. 553); and it was not adopted in Oregon or for Alaska.

We are of opinion, therefore, that subdivision 4 of section 6 of the Code of Civil Procedure of Oregon, and of the act of Congress prescribing the same for Alaska, was intended, like subdivision 4 of section 91 of our Code of Procedure, to prescribe a limitation of six years for an action for taking, detaining, or injuring goods or chattels, including an action to replevy the same, and that it was not intended to embrace an action for an injury to personal property, in the broad sense, which would include an action for damages for. fraud. It follows, of course, if this view be correct, that this action falls within the provision of subdivision 1 of section 8 of the act of Congress, which is to be construed literally as embracing any action "for any injury to the person or rights of another, not arising on contract," and not therein specially enumerated, and not, as claimed by the appellant, according to the rule of ejusdem generis, and confined to personal rights, as distinguished from property rights.

There is no merit in the contention that the defense of the two-years statute of limitations is insufficiently pleaded. The statute of limitations of two years, and the facts rendering it applicable, are set up in the separate defense, followed by the allegation that the

action was not commenced within two years after the cause of action accrued. The intention of the defendant to plead the two-years statute of limitations as a bar to the action thus sufficiently appears, and it was not essential that it should have been so characterized.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs. All concur.