(109 App. Div. 521)

TUDOR v. EBNER.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—WITHDRAWAL OF DEMURRER—INTERLOCUTORY JUDGMENT—NOTICE OF ENTRY.

Where a demurrer was overruled and an interlocutory judgment entered, giving to plaintiff leave to withdraw his demurrer within 10 days after service of a copy of the interlocutory judgment with notice of entry thereof on payment of costs, and in default permitting defendant to enter final judgment overruling demurrer and dismissing the complaint, the service on plaintiff's attorney of the copy of a judgment, giving the venue of the action as "Supreme Court, New York County," with a notice that on that

day it had been "duly entered in the office of the clerk of this court," was insufficient notice of entry to set running plaintiff's 10 days within which to pay costs and withdraw his demurrer.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1902.]

2. JUDGMENT—DEFAULT—PROOF.

Where plaintiff was given leave to withdraw a demurrer within 10 days after service of a copy of an interlocutory judgment with notice of entry thereof on payment of costs, and in default permitting defendant to enter final judgment overruling the demurrer, statements in the affidavit of default from which a conclusion might be drawn that the time so limited expired on a certain day was not equivalent to proof of service of a valid notice of entry and default of plaintiff, and, when a default judgment is sought, proof of the facts showing the default must be made.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 227.]

O'Brien, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by William Tudor against William M. Ebner. From an order denying a motion to vacate a final judgment entered on an interlocutory judgment, the plaintiff appeals. Reversed.

See 93 N. Y. Supp. 1067.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Herbert Frasier, for appellant.
Henry W. Clark, for respondent.

McLAUGHLIN, J. The defendant pleaded as a separate defense the statute of limitations of Alaska, to which the plaintiff demurred. The demurrer was overruled, and an interlocutory judgment entered, in which leave was given to the plaintiff to withdraw his demurrer within 10 days after service of a copy of the interlocutory judgment "with notice of entry thereof" upon payment of costs, and in default thereof permitting defendant to enter final judgment overruling demurrer and dismissing the complaint. This judgment was dated April 4, 1905, and had the usual title, stating that it was granted at a Special Term of the Supreme Court held in and for the county of New York. On the following day a copy of the judgment, in which the venue of the action was given as "Supreme Court, New York County," was served on plaintiff's attorney, together with a notice that on that day it had been "duly entered in the office of the clerk of this court" and service of such copy of judgment and notice of entry was admitted. The costs were not paid within the 10 days, nor was the demurrer withdrawn; but, on the contrary, an appeal was taken, without stay, to this court, where the judgment was affirmed, and thereafter permission given on certified questions to appeal to the Court of Appeals. Without applying to the court, and on alleged affidavit of default, on the 29th of May, 1905, defendant entered final judgment on the demurrer, which dismissed plaintiff's complaint, with costs. Thereupon the plaintiff made a motion to set aside such final judgment on the ground that its entry was unauthorized, because no sufficient notice of entry of the interlocutory judgment had been given to limit his time to withdraw the demurrer and pay the costs, and that sufficient proof of de-

fault had not been made. The motion was denied, and plaintiff appeals.

Manifestly there was no default in withdrawing the demurrer and paying the costs, unless the notice of entry of the interlocutory judgment was sufficient to set running the 10 days' limitation given within which the defendant might act. The learned justice at Special Term was of the opinion that the notice of entry should not be construed as rigidly in the present case as is the practice in limiting the time to appeal, but there is no reason for a relaxation of the rule. The questions involved by the demurrer are still pending in the Court of Appeals and may ultimately be decided in plaintiff's favor, and, if such should be the case, plaintiff could reap no benefit therefrom, because he would be met with a final judgment in which his complaint had been dismissed. This situation calls rather for a strict than a liberal construction of the notice. There is a clerk of the Supreme Court in each of the counties of the state, who maintains an office for the entry of judgments and orders. In Livingston v. New York Elev. R. R. Co., 60 Hun, 473, 15 N. Y. Supp. 191, the late General Term held that a notice which stated that the judgment was entered "in the office of the clerk of the Supreme Court" did not limit the time to appeal of the opposing party, notwithstanding such party had admitted service of the paper and supposed his time to appeal had been set running. There was an admission of receipt of a copy of the paper served in the present case, but that did not cure the defect in the notice. It is only where "due and proper service" is admitted that a party is deemed to have waived any defect. Patterson v. McCunn, 38 Hun, 531.

We are of the opinion that the notice of entry was insufficient to set running plaintiff's 10 days within which to pay costs and withdraw his demurrer, and in addition to this there was no proof before the clerk on his entry of the final judgment that any notice whatever of the entry of the interlocutory judgment had been given to the opposing party. Service of a copy of the interlocutory judgment only is mentioned in the affidavit of default. It is true statements are made in the affidavit from which a conclusion might be drawn that the time so limited expired on the 15th day of April, 1905, but this was not equivalent to proof of service of a valid notice of entry and default on the part of the plaintiff. Where judgment is sought to be entered on a default, proof of facts which show the default must be made.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.

PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I think this final judgment was properly entered. The interlocutory judgment, which was entered on April 4, 1905, adjudged that the demurrer of the plaintiff to the second defense in the answer was overruled with costs, "but with leave to the plaintiff to withdraw said demurrer within 10 days after service of a copy of this interlocutory judgment with notice of entry thereof, upon the payment of the costs," and provided "that in case the plain-

tiff does not, within 10 days after service of a copy of this interlocutory judgment with notice of entry thereof, pay said costs and withdraw said demurrer, the defendant may enter final judgment against the plaintiff, overruling the demurrer and dismissing the complaint, with costs." A copy of this judgment was served upon the plaintiff's attorney, with the following notice indorsed thereon:

"Please take notice that the interlocutory judgment, a copy of which is hereto annexed, has been this day duly entered in the office of the clerk of this court."

And of this interlocutory judgment and this notice the attorneys for the plaintiff admitted service.

There can be no question but that if this interlocutory judgment was duly served upon the plaintiff's attorney "with notice of entry thereof," and if the plaintiff refused to withdraw the demurrer within 10 days after such service, the defendant was entitled to final judgment against the plaintiff overruling the demurrer and dismissing the complaint. The plaintiff criticises this notice of entry as not stating where the interlocutory judgment was entered. The notice was that it was entered on the day of the date of the notice in the office of the clerk of this court. The action was pending in the Supreme Court for the city and county of New York. Section 19 of article 6 of the Constitution provides that:

"Clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law."

Under this provision the clerk of the city and county of New York was the clerk of the Supreme Court in that county, and all papers in actions pending in the Supreme Court, city and county of New York, to be filed in the office of the clerk of the court, were by this provision of the Constitution required to be filed in the office of the clerk of the city and county of New York as the clerk of the Supreme Court in and for that city and county, and a notice that the judgment served had been on the day named duly entered in the office of the clerk of this court was, as I view it, a distinct notice that that judgment had been entered in the office of the clerk of the city and county of New York, made by this provision of the Constitution the clerk of the Supreme Court in and for the city and county of New York. The defendant was, under this provision of the interlocutory judgment, entitled to enter the final judgment unless the plaintiff withdrew the demurrer and paid the costs. A failure to tax the costs might possibly excuse the plaintiff not paying such costs, but it was no excuse for a failure to withdraw the demurrer.

The case of Livingston v. N. Y. Elevated R. R. Co., 60 Hun, 475, 15 N. Y. Supp. 191, does not apply. The question as to the sufficiency of the notice of entry of that judgment arose under section 1351 of the Code of Civil Procedure. That section provides that an appeal must be taken within 30 days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof, and it was held that a strict compliance with this provision is required to operate as a limitation of the time to appeal; that so much do the courts favor the right of appeal that they have gone to great length in upholding the most technical objections

to the sufficiency of the papers served pursuant to the section of the Code referred to. The notice of the entry of judgment in that case merely stated that the judgment was entered with the clerk of the Supreme Court. Now, there was a clerk of the Supreme Court in each county of the state, and, applying the rule adopted in regard to the limitation of the time within which an appeal can be taken, the court held that some other notice as to the place of entry was necessary. In this case the action was pending in the city and county of New York. By the provision of the Constitution to which attention has been called the clerk of the city and county of New York was made the clerk of the Supreme Court in that county, and when the notice of the entry of judgment was that the judgment had been entered with the clerk of this court—that is, the Supreme Court in the city and county of New York—I think the notice was a sufficient compliance with the provisions of the interlocutory judgment, and therefore defendant was entitled to enter the final judgment.

Attention is called in the prevailing opinion to the fact that this court has allowed an appeal from the order affirming the interlocutory judgment to the Court of Appeals, which is still pending. If the order of this court should be reversed, the court below would at once, on the proper motion, vacate the final judgment entered upon the interlocutory judgment that had been reversed. We are not to assume that that Court of Appeals will reverse the order of this court sustaining the interlocutory judgment appealed from, and until that interlocutory judgment is reversed it stands in full force and effect; and in the absence of an order staying the defendant's proceedings it authorized the subsequent proceeding therein directed.

I think the order appealed from should be affirmed.

O'BRIEN, P. J., concurs.