(49 Misc. Rep. 469)

### BURSTEIN v. LEVY et al.

(Supreme Court, Appellate Term.    February 27, 1906.)

**1.** LIMITATION OF ACTIONS—PLEADING AS DEFENSE.

Under Code Civ. Proc. § 381, allowing 20 years as the limitation on instruments under seal, an answer setting up that the cause of action, alleged by the complaint to be based on an instrument under seal, did not accrue within 10 years, was subject to demurrer, notwithstanding the suggestion by defendant that plaintiff would fall short in his proof on the trial, and that the conveyance relied on would be found not to have a seal, and that plaintiff would then fall back on an implied contract.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Ac-tions, §§ 683–686.]

**2.** PLEADING—CLERICAL ERRORS.

Where the inappropriate use of the word "plaintiff" in one place is obviously a clerical error, "defendant" being intended, it does not affect the sufficiency of the pleading.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 51, 421.]

**3.** PLEADING—DEMURRER—GROUNDS—PLEADING GOOD IN·PART.

Where an executor is sued both individually and as executor, the com-plaint is good as against demurrer, even though the court in which the action is brought has no jurisdiction against defendant purely in his representative capacity.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 486.]

Appeal from City Court of New York.

Action by Maurice J. Burstein against Barnett Levy, as executor of the last will and testament of Louis Levy, deceased, impleaded with Barnett Levy, individually.    From a judgment sustaining a de-murrer to defendant's answer, he appeals.    Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Rosenberg & Greenberg (K. Henry Rosenberg, of counsel), for appellant.

J. Charles Weschler and S. S. Myers, for respondent.

GIEGERICH, J.  The complaint alleges a breach of covenant of an instrument under seal.    The answer, among other things, sets·up·the

statute of limitations, pleaded in three ways: First, that the cause of action set forth in the complaint did not accrue within three years before the commencement of the action; second, that it did not so accrue within six years; and, third, that it did not so accrue within ten years. The action being on an instrument under seal, 20 years is allowed as the limitation. Code Civ. Proc. § 381; Dwinelle v. Edey, 102 N. Y. 423, 7 N. E. 422; Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418.

The suggestion that the plaintiff will fall short in his proof upon the trial, and that the conveyance relied upon will be found not to have a seal, and that he will then fall back upon an implied contract or a breach of warranty, need not be seriously considered. The plaintiff has pleaded a sealed instrument. If he does not prove one, he will have to amend, and then it will be time enough for the defendant to set up the defense based on shorter periods of limitation than 20 years. Such leave to amend the answer would doubtless be granted as a condition to granting leave to amend the complaint.

None of the grounds urged against the sufficiency of the complaint are well taken. The inappropriate use of the word "plaintiff" in one place is so obviously a clerical error, "defendant" being intended, that it needs no discussion.

The objection that the City Court has no jurisdiction in an action against an executor in his representative capacity is equally ineffectual. The defendant is sued both individually and as executor, and the complaint is good against demurrer (Darling v. Powell, 20 Misc. Rep. 240, 45 N. Y. Supp. 794), even though the court have no jurisdiction against the defendant purely in his representative capacity; which is a point that need not be considered now. As to pleading the existence of the lien of the unpaid water tax, I do not think it was necessary to aver anything more than was averred.

The interlocutory judgment should be affirmed, with costs. All concur.