(52 Misc. Rep. 455)

### LEER v. WORMSER.

(City Court of New York, Special Term. January, 1907.)

APPEAL—TIME OF TAKING—ENTRY OF JUDGMENT—NOTICE.

     Where notice of entry of judgment in the City Court of New York stated that it was "entered herein in the office of the clerk of the court within named," such notice was sufficient to limit the time for appeal therefrom.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and·Error, § 1902.]

Action by Henry Leer against Samuel Wormser. Judgment for defendant. Motion to require defendant to accept service of notice of appeal. Denied.

Henry Waldman, for plaintiff.
Leo Schrafran, for defendant.

WADHAMS, J. Motion is made for an order requiring the defendants to accept service of a notice of appeal. Judgment in favor of defendant was entered December 18, 1906. The plaintiff contends that his time to appeal has not commenced to run, as the notice of entry of judgment was defective. The case relied upon is Tudor v. Ebner, 109 App. Div. 521, 96 N. Y. Supp. 392. In that case, by a divided court, it was held that when plaintiff was served with a copy of a judgment entitled "Supreme Court, New York County," and the notice of

entry served therewith stated that such judgment had "been duly entered in the office of the clerk of this court," that such notice was insufficient to set running the 10 days within which the plaintiff must withdraw his demurrer. The court followed Livingston v. New York El. R. R. Co., 60 Hun, 475, 15 N. Y. Supp. 192, in which the entry of judgment stated that the judgement was entered "with the clerk of the Supreme Court." The notice in each of these cases was held insufficient, on the ground that there is a clerk of the Supreme Court in each of the counties of the state who maintains an office for the entry of judgments and orders. In the case before me the notice of entry states the judgment to have been "entered herein in the office of the clerk of the court within named." The court named is the City Court of the city of New York, and that court has but one clerk. The authority cited, therefore, does not apply to a notice of entry in this court.

As the notice of appeal was not served within the time required by the statute, the motion must be denied.