## DEVOE v. LUTZ et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. APPEAL AND ERROR (§ 855*)—DEMURRER—OPENING RECORD.

Where a question as to the sufficiency of an answer arising on demurrer thereto was certified to the Court of Appeals, and upon the argument the complaint was attacked as insufficient, the latter court will determine its sufficiency.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3406; Dec. Dig. § 855.*]

2. TRUSTS (§ 1*)—PERSONAL PROPERTY—SUFFICIENCY.

To constitute a good trust in personal property there must be a beneficiary, a designated trustee, property sufficiently designated or identified to enable title thereto to pass to the trustee, and actual delivery of the property to the trustee with the intention of passing the legal title thereto.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. TRUSTS (§ 70*)—DECLARATION OF TRUST.

To constitute a good trust in personal property, it is not necessary that there should be an explicit declaration of trust, if the attending circumstances disclose that a trust was to be created and its purpose and object.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 70.*]

4. TRUSTS (§ 70*)—HUSBAND AND WIFE—HOLDING FUNDS OF HUSBAND.

Where a wife, having no separate property and inheriting none during marriage, takes all the earnings of her husband and holds the excess, after paying expenses of living, in trust for her husband, and invests the same, though in her own name, a good trust in personal property is created; no rights of creditors being involved.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 70.*]

5. TRUSTS (§ 348*)—PERSONAL PROPERTY—TERMINATION.

Such a trust could be terminated at any time by the husband, and on the wife's death the husband could call upon any one holding the corpus of the trust estate in his possession, as a representative of the wife, to turn it over to him.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 348.*]

6. LIMITATION OF ACTIONS (§ 103*)—ACCRUAL OF RIGHT OF ACTION—TRUSTS.

The statute of limitations does not begin to run in favor of a trustee and against the beneficiary in a trust in personal property until the trustee does some act in open and notorious hostility to the trust, indicating a desire and purpose to repudiate his obligation and assert an individual right to the property constituting the corpus of the estate.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 506–507; Dec. Dig. § 103.*]

7. LIMITATION OF ACTIONS (§ 182*)—PLEADING—NEW MATTER.

Under Code Civ Proc. § 500, providing that the answer shall contain a statement of any new matter constituting a defense, and section 413,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

providing that the objection that the action was not commenced within the time limited can be taken only by answer, a plea of limitations is new matter, to be specially pleaded in the answer.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 678; Dec. Dig. § 182.*]

8. LIMITATION OF ACTIONS (§ 185*)—DEMURRER.

Such defense of limitations, being new matter, is demurrable, under section 494, Code Civ. Proc., providing that an answer containing new matter, if insufficient in law, may be demurred to.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 694; Dec. Dig. § 185.*]

9. LIMITATION OF ACTIONS (§ 103*)—TRUST IN PERSONAL PROPERTY—REPUDIATION OF TRUST.

Where a wife is charged with a trust in personal property of her husband, the making of a will by her, attempting to dispose of the property as her own, or the deposit of trust funds in her own name in various savings banks, would not, of itself, constitute a repudiation of her trust obligations, so as to start the running of limitations in her favor.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 506–507; Dec. Dig. § 103.*]

10. LIMITATION OF ACTIONS (§ 1*)—NATURE OF DEFENSE.

The defense of limitations goes to the remedy, and not to the substance of the cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 1; Dec. Dig. § 1.*]

11. PLEADING (§ 132*)—PLEADING NEW MATTER.

When new matter is separately pleaded as an affirmative defense, the paragraph of the answer containing such defense must be complete in itself, and allegations in the complaint not therein denied are deemed admitted; and hence an answer setting up limitations against a beneficiary in a trust in personal property is demurrable, where it does not show the date of the termination of the trust, and where the complaint alleges facts which show that limitations have not in fact run.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 279; Dec. Dig. § 132.*]

Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Suit by Stephen W. Devoe against Charles F. Lutz and others. From a judgment overruling demurrers to defenses in the answer, plaintiff appeals. Reversed, and demurrer sustained.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Melville J. France, for appellant.
I. N. Sievwright, for respondents.

BURR, J. This appeal is from an interlocutory judgment overruling plaintiff's demurrer to two defenses contained in the answer of the defendant Lutz, one of which pleads the six and the other the ten year statute of limitations. Upon the argument the sufficiency of the complaint was attacked, and it therefore becomes necessary for us in the first instance to determine whether it states facts sufficient to constitute a cause of action. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816; Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778; People v. Booth, 32 N. Y. 397.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff alleges that his wife, Amanda M. Devoe, died May 12, 1907, leaving a last will and testament, which has been duly proved. By this will she gives to her executor:

"One bond and mortgage of the amount of four thousand dollars on property on Lee avenue, in trust nevertheless to and for the following uses and purposes: (1) To pay to my husband Stephen W. Devoe, the sum of not exceeding ten dollars per week out of the interest and principal of said bond and mortgage as long as he may live."

The residue of her estate she gives to others. Plaintiff further alleges that prior to their marriage his wife had no separate property, either real or personal; that during the time of their married life she inherited no property, real or personal, and was not engaged in any business; that any money or other property she had was derived from him; and that all the property held by her in her name at the time of her death belonged to him, or was derived from the income and profits of his property. He further alleges that at the time of her death there was personal property held by and in her name, consisting of about $26,000, deposited in 10 different savings banks, together with a bond and mortgage for $4,000 covering premises known as 212 Lee avenue, in the borough of Brooklyn. He also alleges that during the period of their married life he was accustomed to give and did give to his wife all his earnings and income from every source, to apply the same to the expenses of maintaining their home and of their living, and to keep and hold the remainder and surplus for his benefit and use, and that up to the time of her decease his wife did receive and hold said surplus and remainder for his benefit and use, and as trustee for him, and invested and deposited the same for and on his behalf, but in her name. He further alleges that the said property is now in the possession of the defendant Lutz as executor of his wife, who is about to distribute the same as personal estate which belonged to her in accordance with the terms of her will.

The arrangement between the plaintiff and his wife, set forth in the complaint, constituted a good trust of personal property. Where no rights of creditors or third persons, standing in any other or better position than the parties to the trust agreement, are concerned, such a trust may be created for any purpose and its terms enforced. To constitute such a trust, there must be (a) a designated beneficiary; (b) a designated trustee; (c) property sufficiently designated or identified to enable title thereto to pass to the trustee; (d) actual delivery of the property to the trustee with the intention of passing the legal title thereto. Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14. It is not necessary that there should be an explicit declaration of trust, if the attending circumstances disclose that a trust was to be created, and its purpose and object. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Young v. Young, 80 N. Y. 422, 438, 36 Am. Rep. 634. All of these elements are found to here exist. So much of the trust agreement as related to the joint support of the plaintiff and his wife was terminated by the death of the wife. As to the residue over and above what was needed for their joint support, the trust being to hold for the benefit and use of the plaintiff, and the property having been received by the trustee for that purpose,

it became the duty of such trustee to expend or pay over all or any portion of such residue, whenever required to do so by the beneficiary thereof. No period being fixed as to the duration of this portion of the trust, it could be terminated at any time. Having elected to terminate it, the plaintiff could call upon any one who had the corpus of the trust estate in his possession as a representative of the deceased trustee to turn it over to him. The sufficiency of the complaint has not been successfully assailed, and it states a good cause of action.

It remains to consider whether the defenses demurred to are equally sufficient. When an answer contains a statement of new matter constituting a defense (Code Civ. Proc. § 500), if insufficient in law upon its face, it may be attacked by demurrer (Code Civ. Proc. § 494). A plea of the statute of limitations which operates as a bar to the recovery must be specially pleaded, and comes within the statutory definition of new matter. Code Civ. Proc. § 413; Dezengremel v. Dezengremel, 24 Hun, 457. The statute of limitations does not begin to run until either the trust is terminated or the trustee does some act, in open and notorious hostility to the trust, indicating a desire and purpose upon the part of such trustee to repudiate its obligations and assert an individual right to the property constituting the corpus of the estate. Mabie v. Bailey, 95 N. Y. 206; Miner v. Beekman, 50 N. Y. 337. The paragraphs of the answer setting up as separate defenses first the six and then the ten year statute of limitations contain no allegation showing the date of the termination of the trust. Resort may therefore be had to the allegations of the complaint, since, when new matter is separately pleaded as an affirmative defense, the paragraph of the answer containing such defense must be complete in itself, and allegations in the complaint not therein denied are deemed admitted. Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448.

The complaint shows that the trustee, the wife of the plaintiff, recognized the obligation of the trust and continued to discharge the duties thereof up to the date of her death on the 12th day of May, 1907. The making of a will attempting to dispose of the trust fund as the individual property of the testator would not of itself be deemed a completed act of hostility to the trust, since such will was of no effect during the lifetime of the testator. But, if otherwise, such will was not made until the 26th day of September, 1904. The mere deposit of the trust funds in her own name in various savings banks would not, of itself, constitute a repudiation of her trust obligations, since such act would be entirely consistent with the fulfillment thereof. Mabie v. Bailey, supra.

It is not the law that an answer which contains a plea of the statute of limitations in this form can never be assailed by demurrer as insufficient in law. If this were so, an easy method is discovered of delaying the entry of judgment in cases where no defense exists. If a suit is brought on the 1st day of April, 1909, upon a note dated January 1, 1909, payable two months after date, and the complaint correctly alleges these facts, an answer which avers that the "cause of action did not accrue within six years prior to the commencement

thereof" can only be gotten rid of by putting the case on the calendar and trying it when reached. We should not adopt such a conclusion unless forced to do so. I think that it is not the fact "that the defense goes to the substance of the cause of action." It goes only to the remedy. Bliss on Code Pleading, § 355; People v. Freeman, 110 App. Div. 608, 97 N. Y. Supp. 343. It is true that the author of the work on Pleading does express his approval of the old common-law form of plea here adopted; but no case is cited in support of it except Bell v. Yates, 33 Barb. 628. So far as I have been able to find, this case, decided in 1861, has never since been cited. An examination of the opinion shows an argument upon the part of the court, which impresses me as a labored one, to the effect that, because the Code uses the language "a statement of new matter constituting a defense," etc. (Code Civ. Proc. § 500; Code Proc. § 149), this meant something different from "facts" constituting such defense. I think now that no one will contend that the word "statement" in the statute which would be broad enough to include, not only probative facts, but conclusions both of fact and law, has any different meaning than if it had said a statement of facts in the nature of new matter. In any event, all that was said upon the subject in Bell v. Yates, supra, was obiter; for the court proceeds to consider when, upon the facts as stated in the complaint, the cause of action did accrue, and concludes that the statute had not run, and decides the case upon that ground.

It seems to me that, when this section of the Code is read in the light of the rule that each separate defense must be complete in itself, it is clear that if the plea of the statute of limitations is based upon the claim that the cause of action accrued at any other time than that indicated in the complaint, because the facts are otherwise than as therein indicated, those facts must be alleged to constitute a complete defense. Otherwise the facts must be deemed to be as stated in the complaint, and it then becomes a question of law when the cause of action accrued. That was the method adopted in the Bell Case, supra. It does not seem to me that every defense comprising new matter is in the nature of a confession and avoidance. Some of the facts stated in the complaint may be true, some may be false, and there may be facts not therein alleged which are "new matter." The facts stated truly in the complaint, with these new facts, may constitute a complete defense, yet there may not be a complete confession, because other facts stated in the complaint are not true. Under the rule laid down in Douglass v. Phenix Insurance Co., supra, to make the defense complete in itself, the true facts in the complaint must be grouped with the new facts, and that which is not true in the complaint must be denied. However that may be, the defendants here expressly aver that, tested by the facts stated in the complaint (as completely do they aver it as if they had repeated them in this clause of the answer), the cause of action did not arise within six years. That presents a question of law which can be tested on demurrer. Burstein v. Levy, 49 Misc. Rep. 469, 98 N. Y. Supp. 853; Tudor v. Ebner, 104 App. Div. 562, 93 N. Y. Supp. 1067; Nickell v. Tracy, 100 App. Div. 80, 91 N. Y. Supp. 287.

In Tudor v. Ebner, supra, the court say:

· "The statute of limitations of two years and the facts rendering it applicable are set up in the separate defense, followed by the allegation that the action was not commenced within two years after the cause of action accrued."

In Nickell v. Tracy, 100 App. Div. 83, 91 N. Y. Supp. 289, the allegation was:

"That since the 31st day of May, 1864, no payments of principal or interest have been made to apply upon said bond and mortgage, and more than twenty (20) years have elapsed since the last payment was made," etc.

The court said that the "facts" support the conclusion that the statute has run. The demurrer to the affirmative defenses set up in the answer was therefore well taken. Precisely what useful purpose is served by interposing this demurrer it is difficult to see, since all questions here involved could have been raised and disposed of upon the trial; but the question is presented here, and must be correctly decided.

· The interlocutory judgment overruling the demurrer must be reversed, with costs, and the demurrer sustained, with costs. All concur, except GAYNOR, J., who reads for affirmance.

GAYNOR, J. (dissenting). The cause of action alleged is for money had and received, but the plaintiff seems to have framed his complaint as if to obtain an accounting of the defendant as trustee. In this dubious condition of the complaint the defendant, wanting to plead the statute of limitations, pleaded both the limitation of six years to the action as a common-law one and that of ten years to it as in equity upon a breach of trust and for an accounting, so that on whichever theory the plaintiff should proceed on the trial he could be met with a bar of the appropriate statute. This was entirely proper. And the defense of the statute is pleaded in the scientific and correct form, viz., that the cause of action stated in the complaint did not accrue within six years (and again ten years) before the commencement of the action. This has always been the correct·form from the beginning, and nothing needs to be added to it. Bell. v. Yates, 33 Barb., at page 628 et seq.; Bliss on Code Pl. § 355. That the allegations of the complaint contain dates which, if true, show that the statute has not run, does not in any way impair the defence. The proof may show the true dates to be prior to those in the complaint. If the plaintiff should prove the latter the defendant may prove earlier dates to be the true ones, and thus enable the defence of the statute to take effect. The defence goes to the substance of the cause of action as it is, and not merely to the very words and dates of the complaint. In many or most jurisdictions the rule is, following the old practice, that when it appears from the complaint itself that the statute has run the bar of the statute can be raised by a demurrer to the complaint on the ground that it does not state facts sufficient, but if it do not appear on the face of the complaint that the statute has run, the defence of the statute must be pleaded. In this state it is required by statute to be pleaded in both cases. Code Civ. Proc. § 413. It is therefore evident that the sufficiency of the de-

fence cannot be determined by reference to the allegations of the complaint. Such allegations might show by their dates, for instance, that the cause of action is only five years old, and yet it may in fact be over six, and the defence is to the cause of action as it exists in fact. Bliss on Code Pl. § 355.

The notion that the pleaded defence of the statute should contain in it a denial of the allegations contained in the complaint, or an allegation of what the defendant conceives the true dates and facts to be, so as to show the application of the defence, is erroneous. The application is left to the evidence. No such denial or allegation was ever necessary in a plea of the statute of limitations. The ancient, time honored and sufficient form has been given in the foregoing. Moreover, a defence (in which word I am not including a denial, but am using it as it is used and defined in section 500 of the Code of Civil Procedure) cannot contain any denials of allegations of the complaint. It must be confined to affirmative facts, and stated separately and numbered. It may not be mixed up with other defences or denials, and if it is it will be separated therefrom on motion of the plaintiff, or the denials struck out of it. The obscure and inadvertent obiter of Judge Andrews in Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, "that the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated and made part of the affirmative defense," had no effect on subsequent decisions. It is not permissible that they be so repeated and incorporated. It is an every day matter to strike them out when they are, or require the defences to be separated therefrom and "separately stated and numbered" as expressly required by the Code. The said obiter is so inherently contrary to the rule that it could not be followed even if the courts tried to follow it, which they have not done. What was lacking in the pleaded defence in that case was not a denial of the allegation of the complaint that the defendant was a resident of New York, but an affirmative allegation that it was a resident of Massachusetts, so as to show jurisdiction in the court there to make the judgment pleaded in bar. Every defence of new matter always was and is now in the nature of things based on the theory of "confession and avoidance," i. e., confession of the cause of action alleged and avoidance of it by such plea of new matter. To put denials in defences of new matter be wholly inconsistent with them. The very test of a defence is whether taking the cause of action alleged in the complaint to be true in substance it is nevertheless defeated by the new matter alleged as a defence. If denials of the cause of action could be introduced into defences, the test of the sufficiency of defences would be gone. They could not be demurred to for insufficiency in any case where the pleader took care to incorporate such denials in them. Hence the decisions striking denials out of defences or separating them therefrom to enable the plaintiff to demur—although a party is not obliged to move to have mingled causes of action or defences and denials separated for the purpose of demurrer, for the cause or defence may be singled out and stated by the demurrer. The notion that a defence of new matter may contain denials will stand no test and is easily reduced to

absurdity. Frank v. Miller, 116 App. Div. 855, 102 N. Y. Supp. 277; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214; Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47; South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163; Cruikshank v. Gordon, 32 Misc. Rep. 152, 65 N. Y. Supp. 678; Staten Island Midland R. Co. v. Hinchcliffe, 34 Misc. Rep., at page 51 et seq., 68 N. Y. Supp. 556; Pascekwitz v. Richards, 37 Misc. Rep. 250, 75 N. Y. Supp. 291; Carpenter v. Mergert, 39 Misc. Rep. 634, 80 N. Y. Supp. 615; Schultz v. Greenwood Cemetery, 46 Misc. Rep. 299, 93 N. Y. Supp. 180.

The judgment should be affirmed.