the authority of Elias v. Sutherland, 18 Abb. N. C. 126, and Jacques v. National Exhibit Co., 15 Abb. N. C. 250; but I think the proof failed to bring the case within the rule laid down in these authorities, and the one recently decided by this court. Shaw's Jewelry Shop, Inc., v. New York Herald Co., 156 N. Y. S. 651 (not yet officially reported). The maintenance of the bulletin board by defendant is not calculated, from its situation and surroundings, to draw a large crowd of people and thus create in a public street a nuisance, or to seriously interfere with access to and from plaintiff's premises, nor does it do so. The purpose of the bulletin board is to attract the attention of persons desiring positions, just the same as goods displayed in plaintiff's show window are for the purpose of attracting would-be customers, and one can no more be said to be a nuisance than the other. The proof fails to show the collection on the sidewalk in front of plaintiff's premises of such a number of people as to seriously interfere with pedestrians, or with customers desiring to enter or leave plaintiff's establishment. The use to which the defendant is putting his premises is not an unreasonable one, and the bulletin board is maintained with the consent of his landlord. There is not a particle of proof which would justify a finding that the plaintiff has been or will be damaged by the maintenance of this board. Before one can be enjoined from using, for a legitimate business, his own property, the proof must clearly establish that the use is such as is calculated to, and does in fact, deprive another of the use of his property, to his damage.

The judgment appealed from is therefore reversed, and the complaint dismissed, with costs. Order to be settled on notice, when the reversal of findings of fact and conclusions of law, and the making of new ones to conform to this opinion will be passed upon. Settle order on notice. All concur.

---

WILD v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. February 4, 1916.)

1. APPEAL AND ERROR ☞1203—PROCEEDINGS AFTER REMAND.

Where an interlocutory judgment overruling a demurrer was affirmed by the Appellate Division of the Supreme Court, with "leave to the plaintiff to withdraw the demurrer within 20 days from service of this order on payment of costs," defendant was required merely to serve a copy of the order, not notice of entry of the order; and hence any defect in the notice served could not extend the time given plaintiff to withdraw the demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4684–4691, 4693; Dec. Dig. ☞1203.]

2. APPEAL AND ERROR ☞1203—JUDGMENT—PROCEEDINGS AFTER REMAND.

The notice given in such case was sufficient, even if notice were required, in view of Code Civ. Proc. § 1345, providing that an order of the Appellate Division rendered on an appeal must be entered in the office of the clerk of the Appellate Division in the department in which the appeal is taken is located, where it stated that the order had been duly entered in the office of the clerk of the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4684–4691, 4693; Dec. Dig. ☞1203.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ⊚⟹1203—PROCEEDINGS AFTER REMAND.
    Where notice of entry of an order of the Appellate Division of the Su-
preme Court, giving plaintiff leave to withdraw a demurrer within 20
days, is served on plaintiff, and for several months he retains, without ob-
jection, the paper served, he waives any defect in the service thereof.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666,
4684–4691, 4693; Dec. Dig. ⊚⟹1203.]

Appeal from Special Term, New York County.

Action by Jesse J. Wild against the Erie Railroad Company. From
an order directing defendant to accept service of a notice withdraw-
ing a demurrer, defendant appeals. Reversed, and motion denied,
with leave to plaintiff to apply at Special Term to excuse his default
and withdraw the demurrer.

See, also, 168 App. Div. 940, 153 N. Y. Supp. 1150.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGH-
LIN, SCOTT, and PAGE, JJ.

Russel S. Coutant, of New York City, for appellant.
Gerald Nolan, of Yonkers, for respondent.


McLAUGHLIN, J.   Action to recover $30,000 damages for per-
sonal injuries. The answer put in issue the material allegations of
the complaint and set up as affirmative defenses: (1) Contributory
negligence; (2) certain statutes of the state where the accident oc-
curred; and (3) the common law of that state relating to recoveries
for personal injuries by persons walking on or crossing railroad tracks.
The plaintiff demurred to the second and third affirmative defenses.
At the trial of the demurrer, the defendant moved to dismiss the
complaint, upon the ground that it did not state facts sufficient to
constitute a cause of action. The court overruled the demurrer, but
denied the motion to dismiss, and from the interlocutory judgment
both parties appealed. This court affirmed the interlocutory judg-
ment, without costs, "with leave to the plaintiff to withdraw the de-
murrer within 20 days from the service of this order, on payment
of costs in the court below." On June 14, 1915, a copy of the order
was served upon plaintiff's attorney, with notice that the same had
been duly entered in the office of the clerk of the Appellate
Division. No objection was made to the service, and no action
taken under the order, until October 26, 1915, when the plaintiff's
attorney served upon defendant's attorney a notice purporting to with-
draw his demurrer, with a check for the amount of the costs in the
court below. The check and notice were at once returned, with an
indorsement that the same had not been served in accordance with
the terms of the order of the Appellate Division. Thereupon the
plaintiff made a motion to compel defendant to accept the service.
The motion was granted, and the appeal is from that order.

[1] The motion was granted, as appears from the memorandum of
the learned justice sitting at Special Term, upon the authority of
Tudor v. Ebner, 109 App. Div. 521, 96 N. Y. Supp. 392. There the
plaintiff demurred to an affirmative defense, which was overruled, and

─────────────────────────────────────────────
⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an interlocutory judgment entered, with leave to the plaintiff to withdraw his demurrer within 10 days after service of a copy of the interlocutory judgment, "with notice of entry thereof." The notice of the entry of the interlocutory judgment was that it had been "duly entered in the office of the clerk of this court." A majority of the court on appeal (168 App. Div. 940, 153 N. Y. Supp. 1150) held that the notice was defective, in that it did not state that the judgment had been entered in the office of the county clerk, and for that reason it was insufficient to start plaintiff's time running within which to withdraw the demurrer. In the present case the order giving the plaintiff leave to withdraw his demurrer did not require defendant to give any notice of the entry of the order. All it required was that a copy of the order should be served, and that the plaintiff then had to withdraw the demurrer within 20 days thereafter. No question seems to be raised but what the order was properly served. Therefore the Tudor Case has no application.

[2, 3] But, if notice had to be given of the entry of the order of the Appellate Division, the notice served was sufficient. The notice given was that the order had been duly entered in the office of the clerk of the Appellate Division. Under section 1345 of the Code of Civil Procedure, a judgment or order of the Appellate Division, rendered upon an appeal, must be entered in the office of the clerk of the Appellate Division in the department in which the court from which the appeal is taken is located. Not only this, but if the plaintiff's attorney believed that the notice of the entry of the order were irregular, and desired to take advantage of the supposed irregularity, good practice required that he should return the paper, with a notice of the reason why it would not be received. Having for several months retained, without objection, the paper served, the plaintiff waived any defect in the service, if any existed; but, as already indicated, there was no defect in the service. The plaintiff, therefore, was in default when he attempted to withdraw the demurrer, and such default had to be excused before he could compel defendant's attorney to accept the withdrawal.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the plaintiff to apply at Special Term to excuse his default and withdraw said demurrer. Order filed. All concur.