DORA LEVINE, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Defendant, and JACOB M. LEIBNER, Attorney-Appellant.— Order granting plaintiff's motion for substitution of attorneys affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

ANNA LEVY, Appellant, v. HERMAN B. LEVY, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted to the extent of requiring defendant to pay for the support of his child the sum of five dollars per week in addition to the sum provided in the order of December 18, 1930. Despite the matrimonial mess in which these parties are involved, the duty of defendant to support his child remains. He may not be relieved of this obligation to his child because he has burdened himself with the support of three others. He seems to be able to support them. He is willing to take the child to his home. These facts indicate he will have little difficulty in providing the small sum directed to be paid. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

LOUISE MAURER, Respondent, v. DIEDRICH PETERS, Appellant, Impleaded with Others.— Order denying motion to dismiss application for a deficiency judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JULIE McNAMARA, Appellant, v. ANDREW McTIGUE and Others, Defendants, and JULIUS LEVY, Respondent.— Order granting motion for the examination of plaintiff before trial affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

GEORGE F. MURPHY and Others, Appellants, v. WILBUR K. HITCHCOCK and Another, Respondents.— Order granting defendants' motion to compel acceptance by plaintiffs of defendants' notice of appeal reversed on the law, with ten dollars costs and disbursements; and the motion denied, with ten dollars costs. The notice of entry which defendants claim was defective complies fully with the requirements of section 612 of the Civil Practice Act. It was indorsed upon a copy of the judgment and the notice of entry informed the defendants of the name of the court in which the judgment was entered, the date when it was entered and the place where it was entered, to wit, the office of the clerk of the " within named Court," which court was named within as being the Supreme Court, Westchester county. This case is to be distinguished from *Livingston* v. *New York Elevated R. R. Co.* (60 Hun, 473) and differs from the cases of *Tudor* v. *Ebner* (109 App. Div. 521) and *Woolson Spice Company* v. *Columbia Trust Company* (200 id. 860). In so far as those two cases parallel the situation herein, we do not agree with those decisions. Accordingly, the notice of entry being sufficient, the notice of appeal from the judgment served on March 12, 1934, was not served within the thirty-day period, the running of which began on February 2, 1934. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.