In the Matter of the Estate of CHRISTINA HAASE, Deceased.

Surrogate's Court, Kings County, May 11, 1940.

*Louis A. Brown,* for Herman Haase and Maurice F. Miller, as executors, etc., petitioners.

*Theodore Studwell,* special guardian for Frederick Haase, Jr., infant residuary legatee, respondent.

WINGATE, S. The testatrix gave the residue of her estate to her four children in equal shares, stipulating, however, " that from the share which my son, Frederick Haase, would be entitled to receive upon my death, that there be deducted from such share the amount of his indebtedness to me, plus accumulated interest, which indebtedness is evidenced by a certain note executed to me by my son, Frederick Haase, and bearing date the 1st day of July 1929."

The decedent died on June 3, 1939. Since more than six years had expired since the giving of the note, it would obviously have been unenforcible by the testatrix. The executors assert that since the amount actually unpaid on the note exceeds the proportion of the estate given to Frederick, his representative, in the person of his son, can receive nothing. Their reliance is placed on *Matter of Cordier* (168 Misc. 577). The special guardian of the son counters with *Kimball* v. *Scribner* (174 App. Div. 845), and impliedly asserts that the latter authority, being the statement of an appellate court, must control, which is unquestionable if they are in conflict.

The court is, however, unable to concur in the difficulty experienced by the learned special guardian in reconciling these decisions. The latter merely enunciated the familiar principle that a will giving an outright, unconditioned, legacy creates a debt in favor of the legatee which warrants an action at law for its recovery at the expiration of the executorial period (*Matter of Harned,* 140 Misc. 151, 153; affd., 234 App. Div. 796; *Matter of Barker,* 186 id. 317, 322; affd., as to this point, 230 N. Y. 364; *Matter of Cropsey,* 172 Misc. 197, 198), and the primary principle that in an action for the recovery of a debt of any variety, only such demands may be set off as constitute valid and enforcible obligations at the time. (Civ. Prac. Act, § 61; *President and Directors of Manhattan Co.* v. *Cocheo,* 256 App. Div. 560, 565; *Fish* v. *Conley,* 221 id. 609, 612; *Cooley Trading Co., Inc.,* v. *Goetz,* 247 id. 607; affd., 273 N. Y. 488.)

The situation and applicable principles of law presented in *Matter of Cordier* were essentially different. There, the gift which was made by the testatrix was only of such a proportion of her estate as might remain after the deduction of existing indebtedness of the legatee. She herself specified the limitation on the quantum of the benefit. She gave " X " dollars less " a " dollars. Consequently the only debt of the estate to the legatee which ever came into existence was the difference between these two sums. It must be recalled that the Statute of Limitation does not extinguish a debt but merely bars a remedy. (*Devoe* v. *Lutz,* 133 App. Div. 356, 360. See, also, *Wolfson* v. *Syracuse Newspapers,* 254 id. 211; affd., 279 N. Y. 716; *Nehasane Park Assn.* v. *Lloyd,* 167 id. 431, 438; *Pratt* v. *Huggins,* 29 Barb. 277, 283, 284.)

Although the debt was incapable of enforcement, it was still a subsisting obligation and since the testatrix possessed the unquestionable authority to give or withhold as she saw fit, she was authorized to measure the quantum of such gift as she chose to make by prescribing that the legatee should benefit only as to the overplus which might remain after deducting the identified obligation.

Since in the case at bar the specified note has not been paid and exceeds the value of one-fourth of the residue of the estate, there is no distributable sum payable to the representative of Frederick.

Enter decree on notice in conformity herewith.