In the Matter of the Accounting of O. PALMER BARNES et al., as Executors of ALICE T. SHERMAN, Deceased.

Surrogate's Court, Jefferson County, November 7, 1946.

*Loren E. Harter* for executors, petitioners.

*John H. O'Brien* for estate of J. Victor Baron, respondent.

Phillips, S. Under the " Seventh " clause of the will of Alice T. Sherman, deceased, which clause included several general legacies, J. Victor Baron was bequeathed a general legacy of $10,000. The testatrix then provided in the same clause: " Any indebtedness due me at the time of my death from any of the persons named in this Seventh clause of my Will shall be deducted by my executors from the bequest of said person."

Grace H. Baron, as executrix of the last will and testament of J. Victor Baron, deceased, has filed objections to the final account of the executors. These objections briefly are: *First,* that the executors have deducted from the legacy given to J. Victor Baron in clause " Seventh " of the will of testatrix his note of $5,000, with interest added, totaling $8,291.67, on the ground that this note was subject to the Statute of Limitations and uncollectible and not deductible under the provisions of the will of testatrix; *Second,* that the executors carry and charge themselves with said note as an asset and that by reason thereof the executors have deducted the sum of $118.13 assessed as a New York State estate tax against said legacy and the sum of $1,578.30 apportioned against said legacy out of the United States estate tax and objectant further objects to the allowance of said taxes as a charge against said legacy on the ground that said note did not constitute an asset of the estate as it was subject to the Statute of Limitations and uncollectible.

The facts which are not in dispute are as follows: On August 17, 1936, J. Victor Baron gave his note, payable on demand, to the order of testatrix in the sum of $5,000 with interest at 6%, which note on its face included interest on $5,000 from

August 17, 1933, this note being a reissue of an earlier similar note running from J. Victor Baron to the testatrix; that no part of said note or interest had been paid at the death of the testatrix on August 6, 1944, and she was still the owner and holder thereof; that the sum due and unpaid, including principal and interest, was $8,291.67. This sum of $8,291.67 is carried as an asset in both New York State and United States estate tax proceedings and in the final account of the executors herein.

The net sum of $118.13 has been assessed by the Surrogate in the New York State estate tax proceedings and the sum of $1,578.30 has been apportioned by the executors out of the United States estate tax against said legacy of $10,000. The executors have, therefore, deducted from said legacy of $10,000 the total amount of the note and interest of $8,291.67 plus New York and United States estate taxes, totaling $9,988.10, leaving a balance due the estate of J. Victor Baron of $11.90.

The " First " objection is overruled. The deduction of the face amount of the note with accumulated interest from the legacy bequeathed to J. Victor Baron, even though the note had been outlawed by the Statute of Limitations, was a proper one.

The Statute of Limitations is not a bar to the deduction of the amount due the testatrix and such amount may be deducted from the legacy where the will specifically makes provision for such a deduction. The Statute of Limitations does not, after the prescribed period, destroy, discharge or pay the debt but simply bars a remedy thereon. The debt and obligation to pay the same remain and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment. The Statute of Limitations acts only upon the remedy and does not impair the obligation of a contract, or pay a debt, or produce a presumption of payment; it is merely a statutory bar to a recovery. (*Matter of Cordier,* 168 Misc. 577.)

*Matter of Cordier* (*supra*) has been cited and followed in *Matter of Haase* (174 Misc. 42) and *Matter of Hart* (185 Misc. 791). In the *Haase* case (*supra,* p. 43) in a similar situation Surrogate WINGATE succinctly stated: " Although the debt was incapable of enforcement, it was still a subsisting obligation and since the testatrix possessed the unquestionable authority to give or withhold as she saw fit, she was authorized to measure the quantum of such gift as she chose to make by prescribing that the legatee should benefit only as to the overplus which might remain after deducting the identified obligation."

Although an exhaustive search of the authorities has failed to disclose any decision directly in point, the court is of the opinion that the " Second " objection must be overruled. The deduction of the New York State estate tax of $118.13 and the United States estate tax of $1,578.30 was a proper one.

Regardless of the value of the J. Victor Baron note as an asset of the estate of Alice T. Sherman, a cash bequest of $10,000 was given to J. Victor Baron under the will. The sum of $10,000 is the " property " transferred upon which " a tax shall be and is hereby imposed " and " the clear market value of such property " was $10,000 within the meaning of the Tax Law (§ 220, opening paragraph; § 220, subd. 6).

In *Matter of Dupignac* (123 Misc. 21, affd. 211 App. Div. 862) the learned Surrogate, in discussing the fair market or clear market or cash value, said (p. 23): " A money legacy is appraised at its value in dollars and so a legacy of other personal property must be appraised at its worth in dollars, unless another method is provided by law."

It would seem to follow, therefore, that the value of this legacy was $10,000 and that the taxes, both New York State and United States, were properly assessed on the full face value of the legacy and correctly apportioned with respect thereto.

References have been made in the briefs of both counsel to the respective equities of the parties herein. While equities do not form the basis of this opinion, it might be well to note that J. Victor Baron, having had the use of $5,000 in cash approximately eleven years before the death of the testatrix, may be presumed to have benefited to the extent of that use. If the loan had not been made, nevertheless under the provisions of the will, the estate taxes on the $10,000 bequest would still be deducted, which would have left J. Victor Baron approximately the same amount of the note and accumulated interest.

Submit decree accordingly.