Joseph A. Cox, S.
The will of this testator contains a residuary bequest to his son Eugene Muldoon and states as follows: “It is further understood that the Sixteen Hundred and Six ($1,606.00) Dollars loaned by me to my son Eugene Muldoon will be deducted from his share of my estate in the event that it has not been repaid to me at the time of my demise, and is to become part of my residuary estate.”
The account of the executor contains the following recitals: “ The debt of $1,606.00 set forth in paragraph ‘ Ninth ’ of said Will as owing by Eugene Muldoon to his father the deceased. On speaking to Eugene, he states he paid said amount to his father during his lifetime and denies owing any amount to the deceased at the time of his death. After a diligent search on the part of the Executor, he can find no evidence of said debt existing.” Eugene Muldoon has not appeared in this proceeding and it has not been established by direct proof whether his position is that a debt never was incurred or that an acknowledged debt was satisfied in the testator’s lifetime. If proof were available that the debt has been paid, the testator’s son would *be entitled to the full amount of the bequest inasmuch as the will so provides. Lacking such proof, the language of the will is controlling.
*428 It was the testator’s privilege to bequeath to his son whatever portion of the estate the testator deemed appropriate, or even to disinherit his son, and, consequently, the son may claim only that portion of the estate which the testator determined to bequeath to him. It is of no consequence at this time whether the testator fixed the amount of the bequest under a mistake of fact as to the extent of a debt, or even as to the existence of a debt, because the testator’s clear direction is that the stated sum be deducted from the son’s share of the estate unless the debt should have been repaid. The failure of the son to come forward with any proof makes the direction in the will operative.
There has been some disagreement in the decisions as to the defense of the Statute of Limitations with respect to the offset of an outlawed debt against a legacy or distributive share (4 Warren’s Heaton, Surrogates’ Courts, § 338, par. 2) and, while the author of the cited work contends that the defense of this statute should be available, he recognizes that the expressed intention of a testator is controlling. At page 20 of the cited volume this opinion is voiced as follows: ‘1 Where the decedent makes a will, it is obvious that he can require debts to be paid out of legacies given by him even though these might be barred in an action by the statute of limitations ’ ’. A similar thought was expressed by Surrogate Wingate in Matter of Haase (174 Misc. 42, 43) who stated: “ Although the debt was incapable of enforcement, it was still a subsisting obligation and since the testatrix possessed an unquestionable authority to give or withhold as she saw fit, she was authorized to measure the quantum of such gift as she chose to make by prescribing that the legatee should benefit only as to the overplus which might remain after deducting the identified obligation ”. (See, also, Matter of Sherman, 187 Misc. 943.)
There is not a complete analogy between an outlawed debt, uncollectable at law, and a doubtful debt, uncollectable for lack of proof, but the thinking of the cited authorities, to the effect that the direction of a testator is to be followed, would seem to be controlling in both instances. Accordingly, it is held that the legacy of the testator’s son is to be diminished by the amount of $1,606. The objection to the failure of the executor to compute the legacy in this manner is sustained. The other objections to the account are dismissed. The fee of the attorney for the executor and the attorney’s disbursements are allowed in the amount requested in the account.