(153 App. Div. 394.)

### In re HASBROUCK.

### SPORBORG et al. v. BAUM.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. ATTORNEY AND CLIENT (§ 192*)—JURISDICTION—SURROGATE'S COURT.

    The Surrogate's Court has jurisdiction to determine and enforce the amount of an attorney's lien in special proceedings instituted for that purpose.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 200¼\*)—JURISDICTION—EQUITABLE JURISDICTION—SURROGATE'S COURT.**

The Surrogate's Court has no general equitable jurisdiction, though it has such legal and equitable powers as are necessary for the discharge of the surrogate's duties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 476, 477; Dec. Dig. § 200¼.\*]

**3. TRUSTS (§ 25\*)—PERSONALTY.**

No particular form of words is necessary to create a trust in personalty.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 34–37; Dec. Dig. § 25.\*]

**4. WILLS (§ 672\*)—CONSTRUCTION—CREATION OF TRUST.**

A will which bequeathed to testator's brother-in-law all shares of the capital stock in a certain company which testator might have at · his decease, upon condition that he pay the testator's wife during her life for her support all dividends received thereon up to 4 per cent., any dividends in excess thereof to belong to the brother-in-law, bequeathed the stock to the brother-in-law in trust, for the life of testator's wife, to pay the dividends to her for her support, with remainder tò himself.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1579–1581; Dec. Dig. § 672.\*]

**5. ATTORNEY AND CLIENT (§ 192\*)—JURISDICTION—SURROGATE'S COURT.**

In determining, on intervention by attorneys in proceedings to settle an executor's account, the extent of an attorney's lien on a legacy, consisting of stock, which the attorneys under an agreement with the legatee, who was made trustee of the stock for another's life and given the remainder, undertook to procure for him, the Surrogate's Court had no power to order the stock sold and transferred absolutely, and the amount of the attorney's lien deducted therefrom, especially since the life beneficiary of the stock was not a party to the proceedings.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.\*]

**6. ATTORNEY AND CLIENT (§ 149\*)—CONTRACTS FOR COMPENSATION—CONSTRUCTION.**

A contract by a legatee with certain attorneys, reciting that the legatee had employed the attorneys to take all further proceedings necessary, to the end that the legacy might be paid to the legatee, and providing that, in the event his right to the legacy should be established, he agreed to pay the attorneys 40 per cent. of the amount, required that the legacy be actually paid to the legatee under the will, in order to entitle the attorneys to their compensation, or a lien therefor.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 351–357; Dec. Dig. § 149.\*]

**7. ATTORNEY AND CLIENT (§ 192\*)—ENFORCEMENT OF ATTORNEY'S LIEN—PROOF —VARIANCE.**

Where the petition, in proceedings to establish an attorney's lien for services in procuring a judgment establishing defendant's right to the legacy, alleged full compliance with the terms of the agreement under which the services were rendered, plaintiff could not show that the legatee relieved him from procuring the delivery of the legacy.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.\*]

**8. ATTORNEY AND CLIENT (§ 182\*)—ATTORNEY'S LIEN—SUBJECT-MATTER.**

Judiciary Law (Consol. Laws 1909, c. 30) § 475, giving the attorney a lien upon his client's cause of action or claim, which attaches to a judgment or the proceeds thereof, would not apply to give an attorney, who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

procured the probate of a will in such form as to give his client a legacy of stock, an attorney's lien, where there had been no proceeds from the judgment, which was merely that testator had executed a will under which the client was to receive stock in trust for life, with remainder to himself, there being neither a judgment, nor its proceeds, to which an attorney's lien could attach.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

Appeal from Surrogate's Court, Queens County.

In the matter of the judicial settlement of the accounts of Louis B. Hasbrouck, as executor of Benjamin F. Curtis, deceased, in which William D. Sporborg and another intervene to have an attorney's lien established upon the legacy of Frank W. Baum. From a part of the judgment which established a lien as prayed, Baum, individually and as committee, appeals. Reversed in part, and remitted for further decree.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Alexander Thain, of New York City (Frederick S. Rauber, of College Point, on the brief), for appellant.

Josiah Canter, of New York City (William D. Sporborg, of New York City, on the brief), for respondents.

BURR, J. This proceeding was instituted to obtain a judicial settlement of the accounts of Louis B. Hasbrouck, executor of the last will and testament of Benjamin F. Curtis, deceased. Among the assets accounted for were 974 shares of stock of the Publishers' Plate Company. As to them the will provided:

"Third. I give and bequeath unto my brother-in-law, Frank Baum, any and all shares of the capital stock of the Publishers' Plate Company, which I may have at the time of my decease, upon condition, however, that he pay during the life of my wife, Annie, for her support and maintenance, any and all dividends received thereon up to 4 per cent per annum. Any dividends in excess thereof to belong to him."

In his account the executor says that he has not delivered said stock to Baum, in view of the lien claimed against the stock, and pending certain actions referred to in said account affecting the Publishers' Plate Company. The lien claimed to which reference is made is one asserted by the firm of Sporborg & Canter, attorneys at law, under an agreement with Baum by which they undertook to prosecute an appeal from the decree of the surrogate of Queens county which had admitted to probate the said will of Benjamin F. Curtis, in an incomplete form and with a portion of paragraph third stricken therefrom. It also contained these words:

"This is to evidence that I have employed Messrs. William D. Sporborg and Josiah Canter * * * to take all further proceedings as may be necessary, to the end that there may be paid to me [Baum] the legacy bequeathed to me under and by virtue of the said will; and in the event that my right to obtain such legacy shall be established I do hereby agree to pay to the aforesaid firm of Sporborg & Canter the sum equivalent to forty (40%) per cent. of the amount I shall receive subject to the provisions of said will, without personal liability for said fees."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The appeal was taken, and was successful (Matter of Curtis, 135 App. Div. 745, 119 N. Y. Supp. 1004), and the will was afterwards admitted to probate as originally made. Sporborg & Canter appeared in the accounting proceedings, and thereafter filed a petition entitled therein, and also entitled, "In the matter of Benjamin F. Curtis, Deceased, praying that it be determined—first, that the petitioners have a lien upon said legacy of Baum, although he had never received the stock which is the subject of the testamentary gift to him; and, second, that the court determine the amount of such lien. No relief by way of enforcement of such lien was asked for. Baum answered, contesting their rights to such lien, or to a determination of the amount thereof. No application to consolidate the accounting proceedings and the proceeding to establish a lien seems to have been made. It is difficult to see how this could be done, since the proceedings do not affect the same parties. Baum is the only person who is a proper party to each proceeding. Nevertheless, when the learned surrogate entered the decree settling the executor's accounts, he attempted at the same time and in the same decree, not only to determine the existence and amount of Sporborg & Canter's lien, but to provide for the enforcement thereof. He determined that the respondents had a lien upon the 974 shares of stock of the Publishers' Plate Company, which lien amounted to the sum of $4,344.76. He decreed that Frank W. Baum and all persons claiming under and through him be debarred and foreclosed of any right, title, interest, or claim in or to the said stock, and directed that, upon being paid either by Baum or by Sporborg & Canter, the respondents, the sum of $51.96, the amount of the transfer tax upon the said legacy which had been paid by the executor, the latter should deliver said stock to a referee for the purpose of selling the right, title, and interest of Frank W. Baum therein, which delivery shall be "a good and valid transfer of the legacy to the aforesaid Frank W. Baum." The referee was directed to sell the said stock at public auction, at the county courthouse in Queens county. The decree further provided "that the said referee execute to said purchaser or purchasers a proper transfer of the aforesaid shares of stock," and that, irrespective of the sum realized upon said sale, after paying the expenses thereof and deducting his fees, he pay to Sporborg & Canter, the respondents, the sum found to be due them as aforesaid, and that he pay the surplus, if any, to the said Baum. From this portion of the decree settling the executor's accounts, Baum, and Annie F. Curtis, who is an incompetent, by her committee, appeal.

Without considering the correctness of the finding as to the amount due the respondents, the decree of the surrogate cannot be sustained. In support of their contention that they have a lien, the respondents rely upon the provisions of Judiciary Law (Consolidated Laws, c. 30 [Laws of 1909, c. 35] § 475, revised from the provisions of Code of Civil Procedure, § 66), which are as follows:

"From the commencement of an action or special proceeding, * * * the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in

whosoever (sic) hands they may come. * *. * The court upon the petition of the client or attorney may determine and enforce the lien."

[1, 2] The Surrogate's Court is a court of record (Judiciary Law, § 2), and has jurisdiction in a summary special proceeding, instituted for that purpose, to determine and enforce the amount of an attorney's lien. Matter of Regan, 167 N. Y. 338, 60 N. E. 658; Matter of King, 168 N. Y. 53, 60 N. E. 1054; Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554. But although an attempt seems to have been made to institute a proceeding to determine the existence and amount of such lien, though not to enforce the same, no decree or final order has ever been entered therein. The decree which has been entered is a decree settling the executor's accounts, and the portion appealed from is of like effect with a decree in equity, determining conflicting claims to specific personal property, and directing a sale of such property in satisfaction of one of such claims. The Surrogate's Court is a court of limited jurisdiction, and, though the surrogate possesses such legal and equitable powers as are necessary for the discharge of the duties devolved upon him by the statute, he has no general equitable jurisdiction. Matter of Schnabel, 202 N. Y. 134, 95 N. E. 698.

[3, 4] The testamentary gift to Frank Baum is not an absolute one. In view of the fact that the subject of it is personal property, and that no particular form of words is necessary to create a trust therein (Devoe v. Lutz, 133 App. Div. 357, 119 N. Y. Supp. 339), it would seem that a fair construction of this clause of the will is that Baum takes this stock in trust for the life of testator's wife, Annie, to pay therefrom for her support and maintenance any and all dividends received to the amount of 4 per cent. per annum, with remainder to himself. The learned surrogate in his decision seems thus to construe it. But, although under that provision of the will the appellant Baum is entitled to receive this stock in the first instance in his capacity as trustee, not only has he never actually received it in that or in any other capacity, but the decree of the surrogate in the accounting proceedings does not direct that he ever shall so receive it. As the result of a summary proceeding instituted between attorney and client, to which Annie F. Curtis is not a party, by the portion of the decree appealed from, the trust in such personal property created by said will is destroyed. Although she is entitled to a portion of the income of this property for her life, the surrogate, without her consent, decides that the value of her trust estate therein (she being 49 years old) shall be capitalized at the sum of $2,378.40, computing its value according to the annuity tables. Although the referee is directed upon a sale of the stock to transfer the certificates thereof absolutely to the purchaser at such sale, no provision is made to deduct therefrom the value of her capitalized interest, even if the court could compel her to capitalize the same. It may be urged that the decree directs that only the interest of Frank W. Baum therein be sold, and that this sale must be subject to the trust; but the further direction of the decree is that the certificates of stock be absolutely transferred. Does the purchaser at the sale become a substituted trustee for her in place of the one selected by her husband when he made his will,

with respect to whose qualifications to execute such trust the court is left in entire ignorance? This would certainly be a novel method of designating a trustee.

[5-7] The Surrogate's Court has exceeded its jurisdiction. But if the only persons interested in the ownership of the stock were Baum and Sporborg & Canter, and the decree had been entered in a proper proceeding, we think that the surrogate's decision is erroneous. The agreement, taken as a whole, is not only that Baum's right to obtain the legacy shall be established, but that there shall be paid to him the legacy bequeathed under and by virtue of said will. This agreement was not fully performed until both the right and the result of the right were obtained. The petition alleges full compliance with the terms and conditions of the agreement. Evidence that subsequently to the obtaining of the decree establishing Baum's right to the stock the respondents were relieved by him of the necessity of procuring its delivery to him would not be competent under such petition.

[8] Beyond that, we think that the surrogate erred in the conclusion which he reached as to the subject-matter of respondents' lien. The subject-matter of an attorney's lien, measured by the statute, is the "judgment or final order * * * and the proceeds thereof in whosoever (sic) hands they may come." The client's original cause of action or claim is now merged in the judgment in the probate proceedings. This judgment is to the effect that Benjamin F. Curtis had executed a valid will, under which appellant was to receive said stock, first, upon the trust hereinbefore referred to, and then for his own benefit. But this judgment of itself may have little or no value, except as a means to an end, and the respondents do not claim a lien on this judgment. So we turn to the other provisions of the statute, contained in the words "and the proceeds thereof." What are the proceeds of the judgment? So far it has yielded the appellant nothing. But if it should be asserted that respondents' claim is to be measured by the terms of the agreement, rather than by the provisions of the statute, we think that there is no substantial difference between them. In the case of the statute it is "the proceeds of the judgment," and in the agreement it is "the amount I shall receive subject to the provisions of the said will." If, however, the agreement created any different or larger lien from that created by the statute, then the Surrogate's Court has no equitable powers, either to determine the amount of or enforce such a lien.

Because of the peculiar form of the bequest, because Baum's title to the stock is not an absolute one, because the stock is the stock in a close corporation, upon which no dividends have been declared, and its market value cannot be determined by any actual sales thereof previously made, it may be difficult for the respondents to obtain a judicial determination, either under the statute or under the provisions of the agreement, of the amount and extent of their lien, and obtain an enforcement thereof. It may be in an action in the Supreme Court in equity, to which all the persons interested in the ownership of the stock are parties, wherein these conflicting interests may be determined, that a judgment may be entered accomplishing substantial

justice, either by setting off a proportionate part of the stock to the respondents, or placing it in the hands of a trustee for the benefit of all parties interested therein, or by effecting a sale thereof and bringing the proceeds into court to be distributed. However that may be, it seems clear that in this case the portion of the decree appealed from cannot be sustained, and the same should be reversed, with costs, and the proceedings remitted to the Surrogate's Court, to make such further decree upon the accounting as may be necessary under this opinion.

JENKS, P. J., and RICH, J., concur. HIRSCHBERG and WOODWARD, JJ., concur in result.