In the Matter of the Estate of IDA JAFFE, Deceased

Surrogate's Court, Kings County, May 12, 1937.

*Hirsch & Islon*, attorneys *pro se*, petitioners.

*Philip L. Leit*, for Leah Yankowitz, as executrix, etc.

WINGATE, S.  This is an application by attorneys for a legatee for a fixation of their fees and the impressing of a lien therefor. Their client is a resident of California and according to the indi-

cation of the record, employed them, in January, 1935, to protect his interests in the estate. Pursuant to their retainer, the petitioners, on his behalf, instituted a proceeding to compel the filing of an inventory and, after success in obtaining it, instituted a compulsory accounting proceeding which resulted in a decree as prayed.

Thereafter the executrix petitioned for a voluntary judicial settlement, making the California client a party. The present petitioners duly appeared in that proceeding, which is still pending and undetermined, and have fully participated in all phases thereof including a construction of the will.

During the pendency of this proceeding the executrix made a trip to California and asserts that she effected a complete settlement with the client of the present petitioners and secured from him a general release of all claims against her individually and as executrix.

Citation in the present proceeding was duly served by the petitioners upon the California client and upon the executrix. The former has wholly defaulted in answer, and the latter has answered asserting that by reason of the private settlement and release, the client possesses no interest in the estate for which reason there is nothing in her hands upon which the lien rights of the attorneys may attach and that for this reason their proceeding should be dismissed. The respondents, in reply, assert that such settlement, if actually effected, was made in fraud of their rights and is consequently void as to them. The controversy has been submitted for determination on the pleadings in a manner which, in substance, amounts to a demurrer to the reply under old practice, and to a motion for judgment on the pleadings by the executrix under that presently prevalent.

The question is accordingly presented as to whether the attorney for a legatee may be deprived of his just compensation by means of a private settlement between the executrix and the legatee during the pendency of a contested accounting proceeding in which he has duly appeared and is acting as attorney for such legatee.

The charging lien of an attorney " was a device invented by the courts for the protection of attorneys against the knavery of their clients, by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained." (*Goodrich* v. *McDonald,* 112 N. Y. 157, 163.)

It is regulated by section 475 of the Judiciary Law which provides that " from the commencement of an action or special proceed-

ing, or from the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

It has repeatedly been held that this section is applicable for the protection of the lien of an attorney for services rendered in the Surrogate's Court (*Matter of Regan*, 167 N. Y. 338, 343; *Matter of Fitzsimons*, 174 id. 15, 24, 25; *Matter of Williams*, 187 id. 286, 291; *Matter of Hasbrouck*, 153 App. Div. 394, 398; *Matter of O'Connor*, 177 id. 616, 618; *Matter of Abruzzo*, 139 Misc. 559, 563), and that the statute, being remedial, is to be accorded a liberal construction. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 499.)

Proceedings in Surrogates' Courts looking to the settlement and distribution of estates differ in several aspects from ordinary litigations. This is particularly marked when the relationship thereto of a legatee or statutory distributee is in question. Such a person differs from the ordinary plaintiff in the usual civil litigation in that he is customarily entitled to receive some recove y no matter what the outcome of the litigation may be. In most cases his concern is not respecting the right to a recovery but as to its amount. It follows, therefore, that in the Surrogate's Court an attorney who represents one entitled in all events to some distribution possesses a lien on the distributable share of his client if his mode of representation complies with the requirements of section 475 of the Judiciary Law, since in effect, any pleading, particularly to an account, asserts a " counterclaim," or to speak less metaphorically, alleges a right to a recovery against the accountant.

Expressed in the terminology of ordinary civil litigation, an accounting proceeding in this court presents a separate and distinct controversy between the accountant and each person claiming as legatee or distributee. Each legatee asserts a right to recovery against the accountant and the bases of the rights of the several claimants may well, and frequently do, differ radically between themselves. This fundamental conception of a simultaneous prosecution of different litigations is not altered by the fact that the accountant may not receive an award of desired relief until disposal of all of the possibly diverse opposing contentions has been made.

It follows, since the objection of each contestant of the account really gives rise to a litigation separate and distinct from those precipitated by the like or different answers of other contesting participants, that the parties to any one of the several distinct though simultaneously pending litigations may compose their differences in precisely the same manner and with similar effect as if they were the sole parties thereto.

In such an event, however, the parties thus effecting a settlement of their mutual controversy are prevented by section 475 of the Judiciary Law from effectuating their compromise in a manner which affects adversely the rights of the attorney for the party whose claims to recovery have been made the subject of the amicable adjustment. As is pointed out in *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 492, 501), the lien of the attorney may not be defeated by the act of the obligor in paying over the entire settlement sum to the client. Such act, if performed, is done at his peril, and it is his " duty to ascertain the amount " due the attorney " and retain it for him."

In the case at bar the executrix, according to the allegations of the record, had not merely constructive notice of the lien of the attorneys by reason of their authorized appearance in the proceeding (*Peri* v. *New York Cent. R. R. Co.*, 152 N. Y. 521, 527), but had actual information of its assertion as a result of statements respecting it by the attorneys to her own agent. In spite of this fact, she negotiated a private settlement with the client, and according to her own version of the transaction, paid the entire sum representing the compromise adjustment to him, in total disregard of the lien rights of the attorneys. By so doing, she rendered herself personally liable for their reasonable compensation, since " the law conclusively assumes " that she " has retained sufficient to pay the sum which the " attorney " was entitled to receive." (*Sargent* v. *McLeod*, 209 N. Y. 360, 365.)

It follows that the motion of the executrix for judgment on the pleadings is denied, with costs. She will be at liberty to amend her pleadings by interposing " any defense tending to show that no lien ever existed, or that if it existed it was discharged with the consent of the plaintiff, or was waived or forfeited by his misconduct or neglect " (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 502) or that he is entitled to a sum less than that claimed. In the event of her failure so to do within ten days after the service upon her attorney of the order to be entered hereon, a decree may be submitted directing her to pay the sum demanded with costs.

Proceed in conformity herewith.