S. Samuel Di Falco, S.
In this proceeding to fix and determine the reasonable compensation of Samuel Schacter, the proof satisfies the court that the respondent, who is the executrix and sole legatee under the will of the testator, freely and voluntarily executed the retainer agreement which fixed the compensation of the petitioner for the legal services to be rendered by him. The court finds that the attorney performed the legal services which he agreed to perform and that he is entitled to receive the balance of the fee of $2,000 specified in the contract.
The respondent challenges the jurisdiction of the court to direct payment to the petitioner in accordance with the terms of his contract on the ground that the assets of the estate, exclusive of all Totten trusts (Matter of Totten, 179 N. Y. 112), are not sufficiently large to justify the payment of such a fee. In the discovery proceeding in this estate, the executrix alleged that “ part of the moneys on deposit in the aforesaid savings accounts must be used to pay estate debts and administration expenses”. She was beneficiary of the Totten trusts, as well as the petitioner executrix in the discovery proceeding. The two Supreme Court actions involved the very same bank accounts, the plaintiffs asserting rights as against the accounts, and the executrix caused those actions to be transferred to this court on the ground that the discovery proceeding could not be terminated until both actions were disposed of and that all three proceedings could be tried together in this court. It is now too late for her to assert that none of the Totten trust accounts should be paid to *56 her as executrix. She cannot enjoy the fruits of the proceedings for herself and deny to others that the proceedings legally exist. If this court had no jurisdiction at all over the proceedings, the directions to deliver funds to the executrix would have no more vitality than the directions to pay the proper obligations therefrom.
The Totten trust accounts are being turned over to the petitioner, as executrix, as a result of the proceedings in this court. The attorney for the petitioner executrix has a lien upon the cause of action ‘ ‘ and the proceeds thereof in whatever hands they may come ”. (Judiciary Law, § 475.) This court has ample jurisdiction to enforce the lien. (Matter of Levine, 154 Misc. 700, 701, affd. 247 App. Div. 19; Matter of Jaffe, 162 Misc. 877, 879; Matter of Davis, 10 Misc 2d 347, 350.)
The application to consolidate this proceeding with the pending proceedings involving the Totten trusts is granted. The decree will direct payment to petitioner of the sum of $2,000.
The petitioner executrix has attempted in her brief herein to reargue the prior proceedings in this court. That matter is not properly before the court and no ruling thereon need be made.
Submit decree on notice accordingly.