■ MARGO WILLIAMS, Respondent-Appellant, v ROBERT A. ARPIE et al., Appellants-Respondents.—Cross appeals from an order of the Supreme Court at Special Term, entered April 21, 1976 in Ulster County, which granted defendants' various motions insofar as they sought dismissal of plaintiff's first cause of action and denied said motions insofar as they sought dismissal of plaintiff's second and third causes of action. As a member of defendant Missionary Sisters of the Sacred Heart, a religious order of the Roman Catholic Church, plaintiff became associated in Febru-

ary of 1967 with defendant St. Cabrini Home, Inc., a nonprofit child care institution operated by the Missionary Sisters and located in Ulster County and in the Archdiocese of New York. Subsequently, she was named executive director of St. Cabrini and served in that capacity until her removal by the St. Cabrini board of directors on November 23, 1971. In July of 1972, she was allegedly dismissed from the Missionary Sisters and had her vows in the religious order unilaterally severed. All of the actions herein were commenced in April of 1975, and at all times relevant the individual defendants were situated as follows: defendant Arpie was a Roman Catholic priest and chairman of the Department of Child Care of Catholic Charities of the Archdiocese of New York; defendant Head was a Roman Catholic priest and executive secretary of Catholic Charities of the Archdiocese of New York; defendant Hale was an attorney and member of the Board of Social Welfare of the State of New York; and defendant Migliore was a Roman Catholic religious sister, the provincial superior of defendant Missionary Sisters, and a member of the St. Cabrini board of directors. In her amended complaint, plaintiff sets forth her grievances in three causes of action grounded upon one set of allegations and basically contends that, acting wrongfully and in concert, the various defendants intentionally caused her to suffer great damage both to her reputation and material well-being. Upon our consideration of the record, however, we conclude that the entire amended complaint should have been dismissed by Special Term. Examining the first cause of action alleged, we find that plaintiff seeks therein damages for pain, humiliation and disgrace as well as special damages for the loss of room, board, living allowance and medical benefits caused by her separation from the Missionary Sisters. Supported generally by allegations that defendants spread false rumors and reports concerning plaintiff, this cause plainly sounds in defamation no matter what label plaintiff seeks to place upon it (*Morrison v National Broadcasting Co.,* 19 NY2d 453; *Noel v Interboro Mut. Ind. Ins. Co.,* 31 AD2d 54, affd 29 NY2d 743). Accordingly, the one-year Statute of Limitations is applicable (CPLR 215, subd 3) and renders the cause time-barred because all of the alleged wrongful conduct occurred in or prior to July of 1972. As for the second cause of action, plaintiff describes it in the amended complaint as wrongful and tortious interference with her beneficial relationship with St. Cabrini, and Special Term refused to dismiss this cause and ruled that tortious interference with a contractual relationship was satisfactorily alleged. However, that there was a contract is nowhere adequately pleaded, and, in fact, we find no evidence suggesting the existence of any contract. Furthermore, even assuming *arguendo* that there was, this action would be barred by the applicable three-year Statute of Limitations (CPLR 214, subd 4; *Rolnick v Rolnick,* 29 AD2d 987, affd 24 NY2d 805) because plaintiff was removed from her position at St. Cabrini in November of 1971. Similarly, the third cause of action alleging conspiracy must be dismissed because it is dependent upon the substantive torts alleged in the first two causes of action which, as noted above, have been found wanting. In conclusion, we would further note that a cause of action in prima facie tort is clearly not pleaded here. As conceded by plaintiff, defendants' actions were not intended solely to injure her, but also to benefit Arpie by enhancing his ability to control affairs at St. Cabrini. Such being the case, there is lacking the requisite "malicious and unjustifiable attempt to injure plaintiff, unaccompanied by any motive at self-profit" (59 NY Jur, Torts, § 25), which has been held essential in an action for prima facie tort (*Benton v Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 AD2d 27). Order modified, on the law and the facts, by

reversing so much thereof as denied defendants' motions seeking dismissal of the second and third causes of action; motion granted; and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.