■ JOHN PERI, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59733.)—Appeal from an order of the Court of Claims, entered September 13, 1977, which granted claimant's motion for an examination before trial and denied defendant's cross motion to dismiss the claim. Claimant purchased New York State lottery tickets during the period of November 15, 1973 to October 9, 1975. He subsequently filed a claim in the Court of Claims on October 28, 1975 alleging that New York State breached its lottery contract with claimant by misrepresenting his chances of winning said lottery and by negligently and fraudulently conducting said lottery in that the State of New York has been systematically cheating the claimant "by announcing 'winning' numbers on lottery tickets that were never sold." Claimant seeks damages of $90 for the 180 tickets purchased at a cost of 50 cents a ticket. The court ordered an examination before trial of the defendant and denied the State's cross motion to dismiss the claim pursuant to CPLR 3211 (subd [a], par 2, 5, 7). The State had sought a dismissal on the ground that the court has no jurisdiction of the causes of action because the State has not waived its immunity from claims arising from conducting a State lottery; on the further ground that the causes of action were not timely commenced and, finally, on the ground that the pleadings fail to state a cause of action. Pursuant to CPLR 3211 (subd [d]) the court allowed the claim to stand pending pretrial discovery when claimant will be in a position to properly postulate his causes of action. Such relief is within the discretion of the court and may be granted if it appears from the affidavits before the court on the motion that facts essential to justify opposition may exist but cannot then be stated. No such showing can be gleaned from the affidavits before the court. Denial of the State's cross motion for failure to state a cause of action was an abuse of discretion and the cross motion should have been granted. At a minimum, a valid complaint must include all material elements of the cause of action (CPLR 3013; *Williams v Arpie,* 56 AD2d 689, affd 44 NY2d 689; *Latzko v Spector,* 28 AD2d 1111, affd 22 NY2d 710; *Foley v D'Agostino,* 21 AD2d 60). The elements of negligence, fraud or breach of contract are not set out in claimant's meagerly stated claim. Order reversed, on the law and the facts, without costs, cross motion granted, and claim dismissed. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.