■ JOSEPH M. KRAFT, Appellant, v BRIAN A. SHERIDAN et al., Respondents.—Order, Supreme Court, New York County (William P. McCooe, J.), entered April 22, 1987, which denied, in all respects, plaintiff-appellant's motion for, *inter alia,* a preliminary injunction, an accounting, an order of attachment and the appointment of a Receiver; and which granted the cross motion by defendant-respondent Robert W. Aronson to dismiss the seventh, eighth, and ninth causes of action against him; and which also granted the cross motion by defendant-respondent Brian A. Sheridan to dismiss, without prejudice, the first, second, and third causes of action against him, unanimously modified, on the law, to deny respondent Sheridan's cross motion to dismiss the second cause of action and otherwise affirmed, without costs.

This litigation arises out of a dispute among attorneys who were formerly partners and associates. The first three causes of action in this 80-paragraph complaint are asserted against respondent Sheridan. They are pleaded in the most abbreviated fashion. Appellant does not identify the theory of recovery for these actions but merely realleges certain of the numbered paragraphs in the complaint as a basis for each action. This, understandably, caused considerable confusion as the paragraphs referred to in each count could be read to assert more than one cause of action.

The second cause of action incorporates a paragraph which alleges that respondent Sheridan "has systematically been concealing his asset," presumably, for the purpose of avoiding payment owed under the sublease granted by appellant and his law partner, or indemnification of appellant who was forced to satisfy the landlord's judgment. In his cross motion, Sheridan pointed out that if this allegation is "supposed to intimate a cause of action for fraud" it failed to satisfy the requirements of CPLR 3016 (b) that the circumstances of the alleged fraud be stated in detail. While the record on appeal is incomplete, it does not appear that appellant challenged this characterization of the second cause of action as one for fraud. However, in his supplementary reply to the cross motion, appellant did challenge Sheridan's assertion that the claims under the sublease "for rent and indemnification are barred by a prior declaratory judgment which terminated the main lease". The motion court accepted respondent's characterization of this second cause of action and dismissed it for failure to plead fraud with the requisite degree of particularity.

Although the complaint was most inartfully drafted and appellant did little to dispel the confusion it created, we nevertheless find that the paragraphs incorporated in the second "count" make out a valid claim for breach of contract against respondent Sheridan and should not have been dismissed. The incorporated paragraphs allege that there was an agreement to sublet the subject premises to Sheridan, under which he was to perform all of the tenant's obligations under the main lease. Sheridan also agreed to indemnify appellant against any loss arising from the breach of his obligations. When read together with the allegation that Sheridan ceased paying rent and did not respond to appellant's demand for performance and the allegation that Sheridan is indebted to appellant under the sublease for rent, these charges are sufficient to state a claim for breach of contract.

CPLR 3026 requires that pleadings be liberally construed and defects therein ignored, unless substantial rights of the parties are prejudiced thereby. While it is true that CPLR 3013 requires that a pleading be sufficiently particular to give notice of the transactions to be proved and "the material elements of each cause of action or defense", an otherwise valid pleading is not subject to dismissal because it does not identify the plaintiff's theory of recovery. "It is enough now that a pleader state the facts making out a cause of action, and it matters not whether he gives a name to the cause of action at all or even that he gives it a wrong name." *(Diemer v*

*Diemer,* 8 NY2d 206, 212 [1960]; *Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 464, n 1 [1979].) Further particularity as to the theory of recovery may be obtained by a demand for a bill of particulars *(Pernet v Peabody Eng'g Corp.,* 20 AD2d 781, 782 [1st Dept 1964]). Concur—Sullivan, J. P., Carro, Milonas and Rosenberger, JJ.