■ JOHN P. McLAUGHLIN et al., Appellants, v THAIMA REALTY CORP., Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered September 30, 1988, which granted defendant's motion for summary judgment to dismiss the complaint, is unanimously reversed, on the law and on the facts, motion denied, and complaint reinstated, without costs.

Order of the same court and Justice, entered on or about March 14, 1989, which granted plaintiffs' motion to reargue that court's order of September 30, 1988 and, upon reargument, adhered to the original determination and denied plaintiffs' motion for leave to serve an amended complaint, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of granting plaintiffs' motion for leave to serve an amended complaint, and except as thus modified, otherwise affirmed, without costs.

In December 1984, Thaima Realty Corp. (Thaima) owned and operated a multiple dwelling (premises) located at 560 West 184th Street, Manhattan. At that time, Thaima employed Mr. Lawrence J. Forello (superintendent) as the superintendent of those premises.

On December 14, 1984, Mr. John P. McLaughlin, an employee of Con Edison, was lawfully on the premises, for the purpose of turning off electrical services to nonpaying customers of Con Edison, when he was injured as a result of an alleged assault by the superintendent.

Thereafter, in June 1985, Mr. and Mrs. McLaughlin (plaintiffs) commenced an action against Thaima (defendant) in the Supreme Court, Bronx County, to recover damages for Mr. McLaughlin's injuries and Mrs. McLaughlin's loss of services. The eleventh paragraph of the first cause of action in the complaint alleges, in pertinent part, that Mr. McLaughlin's injuries were "occasioned through and by reason of the carelessness and negligence of the defendant, its agents, servants and/or employees as well as the result of the assault of said employee [superintendent] without intent to cause injury".

Following the joinder of issue and discovery, the defendant moved for summary judgment to dismiss the complaint, on the

ground that the plaintiffs had improperly pleaded the alleged negligence of the defendant. Plaintiffs opposed. By order entered September 30, 1988, the trial court granted that motion, and dismissed the complaint.

Subsequently, plaintiffs moved for reargument and leave to serve an amended complaint. Defendant opposed. By order entered on or about March 14, 1989, the trial court granted reargument and, upon reargument, adhered to its original determination, and denied plaintiffs leave to serve an amended complaint.

Plaintiffs appeal from both of those trial court orders.

The complaint, as mentioned *supra,* asserts alternate theories of liability, which are negligence and assault "without intent to cause injury". CPLR 3014 authorizes a plaintiff to allege alternate and/or inconsistent theories of liability in a complaint *(Mitchell v New York Hosp.,* 61 NY2d 208, 218 [1984]).

It is well-established law that a pleading, although inartfully drawn, should not be dismissed, so long as it sets forth a cause of action *(Kraft v Sheridan,* 134 AD2d 217, 218-219 [1st Dept 1987]).

Plaintiffs provided the details of the alleged assault on Mr. McLaughlin in the examination before trial (EBT) testimony of Mr. McLaughlin, the EBT testimony of Mr. Victor Fred, who was Mr. McLaughlin's co-worker, and who was present at the scene of the incident, and Mr. McLaughlin's affidavit, which was submitted in opposition to defendant's motion for summary judgment. Our examination of that evidence indicates that, while Mr. McLaughlin was turning off electricity, he was injured on the premises, when defendant's superintendent attacked him, by, *inter alia,* slamming a door on his right foot, striking him in the back, and throwing him down a flight of stairs.

Since defendant has moved for summary judgment and plaintiffs oppose same, we are required to accept the plaintiffs' pleadings, *supra,* as true, and our decision "must be made on the version of the facts most favorable to [plaintiffs]" *(Strychalski v Mekus,* 54 AD2d 1068, 1069 [1976]; *Salomon v Blanksteen Agency,* 120 AD2d 427, 430 [1st Dept 1986]). Further, we have stated, in *Fogel v Hertz Intl.* (141 AD2d 375, 377 [1st Dept 1988]), that: "As repeatedly held, the court's function in a motion for summary judgment is issue finding, not issue determination * * * and this relief is inappropriate even where the issue is merely arguable, since it serves to deprive a party of his [or her] day in court".

Based upon our legal and factual analysis, *supra,* we find that the complaint states a cause of action and the plaintiffs' allegations raise material triable issues of fact, such as whether defendant was negligent. Therefore, we further find that the trial court erred in granting the defendant's motion for summary judgment.

At this point, we turn to the trial court's denial of plaintiffs' motion for leave to serve an amended complaint.

The Court of Appeals held, in *Edenwald Contr. Co. v City of New York* (60 NY2d 957, 959 [1983]), that: "Permission to amend pleadings should be 'freely given' (CPLR 3025, subd [b]). The decision to allow or disallow the amendment is committed to the court's discretion. *(Murray v City of New York,* 43 NY2d 400, 404-405.)* 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine.' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, p 477.)"

After reviewing the record, we find that, since there is no "significant prejudice" to the defendant, the trial court abused its discretion in denying plaintiffs leave to serve an amended complaint *(Edenwald Contr. Co. v City of New York, supra,* at 959).

Accordingly, we reverse the trial court order entered September 30, 1988, which granted defendant's motion for summary judgment, and we deny same. Further, we modify the trial court order entered on or about March 14, 1989, to the extent of granting plaintiffs' motion for leave to serve an amended complaint, and, except as thus modified, otherwise affirmed. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.