■ ERIC A. KLEIN, Appellant, v DAVID MARTIN et al., Respondents. [634 NYS2d 74] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 17, 1995, which, *inter alia*, granted plaintiff's cross motion to the extent of converting defendants' motion to dismiss into a motion for summary judgment and granted defendants' motion for summary judgment, unanimously affirmed, with costs.

It is the essence of a cause of action, not its form, which determines the requisite elements which must be alleged and the applicable Statute of Limitations (*Trott v Merit Dept. Store*, 106 AD2d 158, 160; *Williams v Arpie*, 56 AD2d 689, *affd* 44 NY2d 689). Here, plaintiff cannot circumvent the rules of employment-at-will and the one year Statute of Limitations for intentional torts by claiming, without any support in the record, that a third, albeit closely-related party tortiously interfered with his employment (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303-304; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63; *Williams v Arpie, supra*). Here, the record demonstrates that plaintiff, in essence, complains of the termination of his employment by his employer more than four years prior to commencement of this action.

Finally, there can be no claim of lack of notice to plaintiff here as the IAS Court converted defendants' motion to dismiss into a motion for summary judgment pursuant to plaintiff's cross motion (*compare, Dannasch v Bifulco*, 184 AD2d 415). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.