■ SEION FOSTER et al., Appellants-Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, and DENISE ROCHE, Respondent-Appellant, et al., Defendant. (Action No. 1.) SHAKIYNA ESPINO, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, and DENISE ROCHE, Respondent-Appellant, et al., Defendant. (Action No. 2.) JESUS BELTRAN, JR., Plaintiff, v DAMARIS ARROYO, Defendant, and DENISE ROCHE, Respondent-Appellant. (Action No. 3.) [672 NYS2d 718] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 11, 1997, granting defendants New York City Housing Authority and Abraham Samuel summary judgment dismissing the complaint in Action number 1, and order, same Court and Justice, entered on or about April 8, 1997, also granting defendants New York City Housing Authority and Abraham Samuel summary judgment dismissing the complaint in Action number 2, unanimously reversed, on the law, without costs, the motions for summary judgment denied, the complaints reinstated, and the matters remanded for further proceedings. Appeal from order, same court and Justice, entered on or about July 1, 1997, which, insofar as appealable, denied the motion for renewal by the plaintiffs in Action number 1, unanimously dismissed, without costs, as subsumed within the appeal from the judgment in said action.

On May 28, 1994 at about 6:00 P.M., a patrol car driven by two housing police officers, responding to an emergency radio run, collided with a vehicle driven by defendant Roche and owned by defendant Arroyo, as a result of which the police car jumped a curb and hit the infant plaintiffs. The parties dispute whether the police car had both lights and siren on at the time

of the impact, whether Roche had cut in front of the speeding police car and how fast the police car was traveling in the crowded commercial district, all factors relevant to the issue whether the officers drove with due regard for the safety of the pedestrians or acted with reckless disregard (*Campbell v City of Elmira*, 84 NY2d 505; *cf., Saarinen v Kerr*, 84 NY2d 494, 499; *cf., Szczerbiak v Pilat*, 90 NY2d 553; Vehicle and Traffic Law § 1104). Hence, viewing the evidence in a light most favorable to the parties opposing summary judgment (*McLaughlin v Thaima Realty Corp.*, 161 AD2d 383), we find that factual controversies exist requiring trial. Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.