■ FAST TRACK FUNDING CORP., Appellant, v JAMES PERRONE et al., Respondents. [796 NYS2d 164]—In an action, inter alia, to recover damages for tortious interference with business relations, conversion, unjust enrichment, and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), dated January 12, 2004, which granted the motion of the defendants James Perrone and Cynthia Harty and the separate motion of the defendant Ferrari Funding, Ltd., to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). "[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated" (*Rochdale Vil. v Zimmerman*, 2 AD3d 827 [2003], quoting *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]). "[T]he criterion is whether

the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Applying these principles to the instant case, the Supreme Court properly granted the separate motions of the defendants James Perrone and Cynthia Harty and the defendant Ferrari Funding, Ltd., which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.